UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Morris Duane Buckles,<br><br>                    Petitioner,<br><br>v.<br><br>Denese Wilson, Warden,<br><br>                    Respondent. | Case No. 14-cv-0648 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Petitioner Morris Duane Buckles was found guilty after a bench trial in the United States District Court for the District of Montana of one count of possession of methamphetamine with intent to distribute and one count of possession of marijuana with intent to distribute. *See United States v. Buckles*, No. 4:03-cr-00090-DLC-1 (D. Mont. filed July 17, 2003). Buckles was sentenced to concurrent 120-month terms of imprisonment on each of those counts. *Id.* Buckles was also sentenced to an eight-year term of supervised release to follow his term of imprisonment. *Id.*

Buckles was released from prison on June 24, 2011, and his term of supervised release began that day. A few months later, the sentencing court revoked Buckles's supervised release due to Buckles's methamphetamine use. Buckles was sentenced to a ten-month term of imprisonment as a result of that revocation, with a new fifty-month term of supervised release to follow. Following this second term of incarceration, Buckles again violated the terms of his supervised release by using methamphetamine,

and on July 8, 2013, his supervised release was again revoked. This time, Buckles was sentenced to an eighteen-month term of imprisonment, with no additional supervised release to follow. *Id.*

During this third term of imprisonment, Buckles was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). On March 10, 2014, while incarcerated at FCI-Sandstone, Buckles filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of Minnesota. [Doc. No. 1.] Buckles's habeas petition is now before the undersigned United States Magistrate Judge for consideration and for the issuance of a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, this Court concludes that the habeas petition is now moot. Because there is no longer a case or controversy between the parties, this Court recommends that Buckles's petition be denied for lack of subject-matter jurisdiction and that this matter be dismissed without prejudice.

I.  **Buckles's Claims for Habeas Relief**

The Federal Bureau of Prisons ("BOP") has broad discretion to place prisoners at whatever correctional facility it deems appropriate, provided that the facility meets all relevant standards of health and habitability and that the BOP considers the following five factors in determining which facility is appropriate for the prisoner:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--

>> (A)    concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B)    recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).  The BOP "possesses the absolute authority, absent a showing of abuse of discretion, to designate the place of a prisoner's confinement and to administer transfer matters."  *Clay v. Henderson*, 524 F.2d 921, 924 (5th Cir. 1975).  A failure by the BOP to consider the five factors enumerated above, however, constitutes an abuse of discretion.  *See Trowell v. Beeler*, 135 F. App'x 590, 594-96 (4th Cir. 2005) (per curiam).

As a general matter, federal prisoners do not spend their entire term of incarceration in a prison.  Instead, federal law provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c)(1).  "Such conditions may include a community correctional facility."  *Id*.  Community correctional facilities are also commonly known as residential reentry centers ("RRCs"). Because the parties refer to these facilities as RRCs throughout their papers, this Court will do the same.

As just explained, federal law provides that prisoners should, if practicable, spend the final portion of their term of imprisonment at an RRC.  Federal law does not,

however, specify exactly *how long* a prisoner's placement at an RRC should last, except that the placement should not exceed twelve months. *Id.* As with the decision regarding in what correctional facility a prisoner should be placed, the BOP is given broad discretion in deciding how long a prisoner should be placed in an RRC. Again, however, the BOP must consider the five factors under § 3621(b) when making that decision. *See* 28 C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community . . . .").

Upon arriving at FCI-Sandstone, Buckles requested to be placed in an RRC for the final ninety days of his term of incarceration. (Pet. at 1-2 [Doc. No. 1].) Because Buckles's anticipated release date at that time was September 13, 2014 [*see* Doc. No. 6-1 at 1], Buckles had in effect requested that he be transferred to an RRC on or about June 15, 2014. The BOP denied this request on September 11, 2013, determining that, due to his previous supervised-release violations and methamphetamine use, RRC placement would not be appropriate for Buckles at any time during his incarceration. [Doc. No. 6-1 at 6.] Two months later, however, the BOP changed course, finding on November 14, 2013 that Buckles should be placed in an RRC for the final sixty days of his term of imprisonment—that is, beginning on or about July 15, 2014. [*See* Buege Decl. ¶¶ 6-7.] Buckles insisted to the BOP that he should be placed in an RRC for at least ninety days, but the BOP refused each of Buckles's subsequent requests for a longer RRC placement.

In his habeas petition, Buckles challenges the BOP's decision as to the appropriate RRC transfer date. According to Buckles, the BOP did not properly evaluate the factors listed in § 3621(b) when it determined that he should be placed in an RRC for only sixty days. A proper evaluation of the § 3621(b) factors, argues Buckles, would reveal that a longer term of residency at an RRC would better prepare him for life outside of prison. Buckles therefore requests in his petition that the Court order his immediate placement at the RRC, and that this placement last for the duration of his term of imprisonment.[1]

Two important developments have occurred since Buckles filed his petition for habeas relief. First, Buckles notified the Court in a letter dated July 15, 2014, that any filings in this case should be sent to him at 1019 15th Street North, Great Falls, Montana 59401. [Doc. No. 9.] An Internet search reveals that this is the address for "Great Falls Pre-Release Services, Inc.," which is an RRC. Second, according to the BOP's "Inmate Locator" website, Buckles was released from custody on September 12, 2014, which was one day prior to the release date originally anticipated by the BOP at the beginning of Buckles's term of incarceration.[2]

---

[1] Buckles also seeks mandamus relief. [Doc. No. 2.] Specifically, he asks the Court to order the BOP to change his security classification, which he alleges has been improperly calculated. This is ultimately a challenge to the *conditions* of confinement, not the fact or duration of confinement. But "a prisoner who challenges the constitutionality of the conditions of his confinement . . . must bring his challenge through a traditional civil-rights action (such as a *Bivens* action or a § 1983 action) and not through a habeas petition." *Taylor v. Roal*, No. 10-cv-3588 (PJS/JJG), 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010) (discussing the rule announced in *Kruger v. Erickson*, 77 F.3d 1071 (8th Cir. 1996)). Accordingly, Buckles's request for mandamus relief should be denied.

[2] This Court notes that September 13, 2014, was a Saturday. This may account for the BOP's decision to release Buckles one day earlier.

**II.     Analysis**

Respondent requests that Buckles's habeas petition be denied for three reasons. First, Respondent argues that Buckles failed to exhaust administrative remedies before filing his petition. *See United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam) (noting that federal prisoners must exhaust administrative remedies before seeking habeas relief). Second, Respondent argues that 18 U.S.C. § 3625 precludes judicial review of the BOP's decision at issue in this case. Third, Respondent argues that the BOP adequately considered each of the five factors enumerated in § 3621(b).

This Court recommends dismissal of Buckles's petition on a fourth ground, however. Due to Buckles's placement at an RRC and subsequent release from custody, his petition for habeas corpus has become moot during the pendency of this action. Accordingly, this Court now lacks subject-matter jurisdiction over the petition and must dismiss this case without prejudice.

"'Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies.'" *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." *Id.* (quotations omitted). Article III mootness implicates the subject-matter jurisdiction of the Court. "If an issue is moot in the Article III sense," the Court has "no discretion and must dismiss the action for lack of jurisdiction." *Id.* at 724.

Buckles's placement in an RRC and subsequent release from incarceration leaves nothing for the Court to grant by way of relief, even if it determined that Buckles' claims had merit.  Likewise, any order by the Court requiring the BOP to reevaluate Buckles's earlier requests for RRC placement would be ineffectual.

That said, a petitioner's release from custody does not always *automatically* render a habeas petition moot.  *See Sayonkon v. Beniecke*, No. 12-CV-0027 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  There are exceptions to the mootness doctrine; the question of whether a habeas petition is moot following a petitioner's release from prison rests on the potential application of those exceptions.  *Id.*  A court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or collateral injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quotations omitted).  As explained below, none of these potential exceptions applies here.

First, the collateral injury exception applies where there is "some concrete and continuing injury other than the now-ended incarceration or parole . . . ." *Spencer*, 523 U.S. at 7.  In this case, there are no collateral consequences to the BOP's alleged failure to place Buckles in an RRC sooner than it did.  By all indications in the record, Buckles has been fully released from custody.  He is not subject to any conditions of supervised release or any other limitations stemming from his criminal conviction.  And even if he

7

were, it is difficult to see how any such collateral limitations could be construed as a residual effect of the BOP's placement of Buckles in an RRC thirty days later than he had requested. In short, this Court cannot conceive of any concrete and continuing injury on which this case could be maintained. *See id*.

Second,

> The capable-of-repetition doctrine applies only in exceptional situations where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

*Id.* at 17 (quotations, citations, and alterations omitted). Neither factor exists here. Habeas petitions of the kind brought by Buckles are usually raised and addressed in a timeframe that would allow the court an opportunity to address an error—if any—made by the BOP as to RRC placement. *See, e.g.*, *Crawford v. Nicklin*, No. 13-cv-2462 (JRT/SER), 2014 WL 538699 (D. Minn. Feb. 11, 2014); *Barakat v. Fisher*, No. 13-cv-1296 (JNE/SER), 2013 WL 6058932 (D. Minn. Nov. 18, 2013). Moreover, there is no indication anywhere in the record that Buckles is likely to be held in custody at FCI-Sandstone or any other federal correctional institution again, given that Buckles is no longer on supervised release. And even if Buckles were again incarcerated due to a new violation of federal law, the BOP would be required to make an entirely new determination under § 3621(b) and 28 C.F.R. § 570.22 as to the appropriate amount of time for Buckles to reside at an RRC. In other words, the BOP could not make the same

alleged mistake twice in this case, as it would have a new set of facts to consider in determining the appropriate placement for Buckles.

Turning to the third exception, voluntary cessation of offensive conduct will not moot litigation if it is clear that the defendant or respondent changed course simply to deprive the Court of jurisdiction. *See Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1333 (11th Cir. 2005). But there is no indication whatsoever that the BOP released Buckles from custody in order to deprive this Court of an opportunity to review its decision regarding when to place Buckles in an RRC. Quite the opposite is true. The BOP established a timeline for Buckles's placement in an RRC and release from custody well in advance of when Buckles filed his petition, and the BOP adhered closely to that timeline. Nothing about the BOP's conduct suggests that it acted purposefully to avoid the Court's jurisdiction over this matter.

Fourth, the exception relating to properly certified class actions is plainly inapplicable, as this matter involves a request for relief by an individual prisoner on his own behalf, and not a request for relief on behalf of a class of individuals.

In sum, because this case is now moot and none of the exceptions to the mootness doctrine applies, this Court lacks subject-matter jurisdiction over Buckles's habeas petition. Accordingly, this action must be dismissed without prejudice.

Even if Buckles's habeas petition were not moot, Buckles nevertheless would not be entitled to relief. A federal prisoner seeking habeas relief in a petition brought under § 2241 must exhaust first exhaust administrative remedies. *See Chappel*, 208 F.3d at 1069-70; *United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996). The BOP has

9

established a four-tier administrative process for resolving disputes regarding confinement: (1) informal resolution with prison staff; (2) formal grievance to the warden of the institution where the prisoner is confined; (3) appeal to the appropriate regional office of the BOP; and (4) appeal to the central office of the BOP. *See* 28 C.F.R. §§ 542.13-542.18. Buckles completed step one of this process and successfully persuaded prison staff through informal-resolution procedures that he should be transferred to an RRC for sixty days. If unsatisfied with this result, Buckles should have filed a formal grievance with the warden at FCI-Sandstone and, if that formal grievance proved unsuccessful, appealed that grievance to the appropriate regional office and central office of the BOP. But Buckles took none of the final three steps in the required administrative process, instead continuing to engage in informal procedures and then filling a petition for habeas relief.

Buckles offers two justifications for his failure to exhaust administrative remedies. First, Buckles argues that any such exhaustion would have been futile, because he did not believe any such review would result in him receiving the relief he sought. It is true that a prisoner need not exhaust administrative remedies where doing so would be futile in any event. *See Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). But Buckles has failed to demonstrate that the review process would, in fact, have been futile. Indeed, the result of step one of the review process—informal resolution by prison staff—was that Buckles received much of the relief he sought at the outset of his detention. Further administrative review may have proven equally successful; this Court cannot know, because Buckles failed to engage fully in that process.

Second, Buckles argues that he did not have enough time to complete the formal administrative review process. This argument is similarly unavailing. Although the administrative process prescribed by federal regulations involves multiple steps, relatively quick review is required from the BOP at each stage in the process. *See* 28 C.F.R. § 542.18. Even if at each administrative level the BOP had taken the *maximum* amount of time allotted under federal regulations in responding to Buckles's grievances (including allowing itself every available extension), that process would have been completed no later than 160 days after Buckles's informal grievance had been resolved on November 14, 2013. *Id*. Thus, even if the BOP took the maximum time allotted, Buckles would have completed the administrative process *at the latest* by April 2014, or roughly two months before the June 15, 2014, RRC placement date originally requested by Buckles.[3] Accordingly, neither futility nor lack of time excuses Buckles's failure to exhaust administrative remedies, and that failure to exhaust would have provided an independent reason to deny Buckles's petition even if it were not moot.

Finally, although this Court need not reach the merits of Buckles's petition, his substantive arguments for relief are unconvincing. Buckles is incorrect that the BOP failed to consider the five § 3621(b) factors. The BOP made an *explicit* determination of those factors in September 2013 when it decided that RRC placement was inappropriate in Buckles's case. [Doc. No. 6-1 at 6.] Later, when one of the § 3621(b) factors changed

---

[3] This of course assumes the worst-case scenario for Buckles. In fact, had Buckles been diligent in pursuing administrative remedies, the administrative process reasonably may have been fully completed prior to March 10, 2014—*i.e.*, the date on which Buckles filed his current habeas petition.

11

(the resources available to the facilities contemplated for Buckles's placement), the BOP adjusted its original decision accordingly. [Doc. No. 6-1 at 10.] Both decisions, however, appear to have been guided ultimately by a consideration of the five § 3621(b) factors, and neither decision appears to this Court to have been an abuse of discretion by the BOP.

In any event, the Court need not reach either the merits of Buckles's petition or the question of exhaustion, because Buckles's habeas petition is now moot. Accordingly, this action should be dismissed without prejudice on that basis.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be **DENIED AS MOOT**;

2. The Motion for Order of Writ of Mandamus Pursuant to 28 U.S.C. § 1361 [Doc. No. 2] be **DENIED**; and

3. This case be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 29, 2014

    s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 17, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3,500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.